UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRAIG BREIDENBACH, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV1555 JCH |
| ) | |
| SHILLINGTON BOX COMPANY, LLC, ) | |
| et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Shillington Box Company LLC ("Shillington"), Debbie Mason, Clem Harris, Conrad Culley, and Tim Courtney's Motion to Dismiss the Individual Defendants and Count III of Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss," ECF No. 9), filed on November 10, 2011. The matter is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff began working for Defendant Shillington in January 2004 as a production worker, and he was made a Slitter Assistant Operator in June 2009. (First Amended Complaint ("Complaint"), ¶ 7).[1] At all times relevant to this lawsuit, Defendant Debbie Mason was Shillington's human resources manager, Defendant Clem Harris was Plaintiff's immediate supervisor, Defendant

---

[1] The majority of the facts in the Court's background section are taken directly from Plaintiff's First Amended Complaint. Defendant Shillington has filed a separate Answer disputing a number of these facts. Defendants Debbie Mason, Clem Harris, Conrad Culley, and Tim Courtney (the "Individual Defendants") have not filed answers to Plaintiff's First Amended Complaint.

Conrad Culley was Shillington's plant manager, and Defendant Tim Courtney was Shillington's general manager.  (Id., ¶ 3).

On July 23, 2010, Plaintiff sustained an injury to his neck, back, and/or spinal cord while performing his job duties, and he was seen and treated by Dr. Cynthia Byler, DO, that same day.  (Id., ¶¶ 9, 10).  Plaintiff was released to return to duty at that time.  (Id., ¶ 10).  Plaintiff continued to experience pain in his neck and shoulders, and he requested additional care and treatment for his injury.  (Id., ¶ 11).  Defendant Mason denied Plaintiff's request.  (Id.).  Plaintiff sought treatment on his own, and he was seen by Dr. Christopher Abercrombie, DO, on July 27, 2010.  (Id., ¶ 12).  Dr. Abercombie diagnosed Plaintiff with a strained neck muscle, and he ordered Plaintiff to take off work from July 27-30, 2010.  (Id.).  Defendant Mason initially refused to accept Plaintiff's note from Dr. Abercrombie, but Defendant Culley told Defendant Mason that Plaintiff could not be ordered to return to work when he had a doctor's note prohibiting him from working.  (Id., ¶ 13).

Plaintiff returned to work on August 2, 2010, but he continued to experience pain.  (Id., ¶ 14).  On November 9, 2010, Dr. Sandra Hoffmann, M.D., diagnosed Plaintiff with, among other things, central disc herniation at the C5-6 level with cord displacement.  (Id., ¶ 15).  Plaintiff nonetheless continued to perform his job duties.  (Id.).  On January 12, 2011, Dr. Hoffmann diagnosed Plaintiff with a definite ruptured disc in the neck and severe spondylosis with neuroforaminal compromise in the lower back.  (Id., ¶ 16).  On February 10, 2011, Plaintiff requested intermittent leave under the Family Medical Leave Act ("FMLA") as a result of his work-related injuries, and he informed Defendants that he could not perform certain actions that were not part of his job duties as a Slitter Assistant Operator.  (Id., ¶ 18).

On March 8, 2011, Defendant Mason contacted Dr. Hoffmann to ask as to what job duties Plaintiff could perform.  (Id., ¶ 19).  On April 26, 2011, Dr. Hoffman informed Defendants that

Plaintiff could perform his current job duties as a Slitter Assistant Operator but could not perform other work that required too much twisting and side-to-side movement. (Id., ¶ 20). Plaintiff was subsequently assigned duties that he was physically unable to perform, and Plaintiff was sent home on multiple occasions instead of having his disability reasonably accommodated. (Id., ¶ 22).

On May 26, 2011, Shillington posted a notice stating the plant was closed on May 27, 2011. (Id., ¶ 23). As a result of this notice, Plaintiff did not report to work on May 27, 2011. (Id.). On June 8, 2011, Plaintiff was given a write-up for "no call, no show" on May 27, 2011, which he refused to sign. (Id., ¶ 24). Plaintiff was suspended on June 8, 2011, for refusing to sign the write-up. (Id., ¶ 25).

Plaintiff filed his first Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on June 13, 2011, alleging that he was being discriminated against on the basis of his disability in violation of the Americans with Disabilities Act ("ADA"). (Id., ¶ 26). This charge was also filed with the Missouri Commission on Human Rights ("MCHR"). (Id.). Plaintiff's first charge was directed to Defendant Shillington and did not list any of the Individual Defendants. (Defendants' Memorandum of Law in Support of Their Motion to Dismiss the Individual Defendants and Count III of Plaintiff's First Amended Complaint ("Memo in Support"), at Exhibit A, ECF No. 12-1, p. 1). The EEOC issued Plaintiff a right to sue letter on June 13, 2011, and the Charge of Discrimination and right to sue letter was also mailed to Defendant Mason at that time. (Complaint, ¶ 26).

On June 15, 2011, Plaintiff again notified Defendants that he sustained a work injury on July 23, 2010, and advised Defendants that he would need surgery as a result of this injury. (Id., ¶ 27). Plaintiff also requested to be referred to Shillington's workers' compensation doctor. (Id.). On June 16, 2011, Plaintiff was fired for violating Shillington's "no call, no show" policy by failing to report

to work on May 27, 2011. (Id., ¶ 28). The MCHR issued Plaintiff a right to sue letter for his first charge of discrimination on July 28, 2011. (Id., ¶ 29).

On August 25, 2011, Plaintiff filed a second Charge of Discrimination with the EEOC and MCHR, alleging Defendants continued to discriminate against him because of his disability until the time of his wrongful discharge and that they also retaliated against him due to his first charge of discrimination. (Id., ¶ 30). Plaintiff's second charge of discrimination was directed to Defendant Shillington and the Individual Defendants. (Memo in Support, at Exhibit A, p. 1). The EEOC issued Plaintiff a right to sue letter on September 7, 2011, and the MCHR issued Plaintiff a right to sue letter on September 30, 2011. (Complaint, ¶ 31).

Plaintiff filed this action in this Court on September 8, 2011. Plaintiff's First Amended Complaint contains four counts, with all counts directed to all defendants: Count I alleges discrimination in violation of the ADA and MHRA, Count II alleges violation of the FMLA, Count III alleges wrongful discharge in violation of Missouri public policy, and Count IV alleges retaliation in violation of the ADA and MHRA. As noted above, Defendants filed this Motion to Dismiss (ECF No. 9) on November 10, 2011.

## **STANDARD**

A complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008)(quoting Twombly, 550 U.S. at 555). In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. Monson v. Drug Enforcement Admin., 589 F.3d 952, 961 (8th Cir. 2009).

## DISCUSSION

### I.  Dismissal for Failure to Allege Sufficient Facts

The Individual Defendants contend they should be dismissed because Plaintiff's Complaint contains insufficient factual allegations against them. The Individual Defendants argue that there are no allegations that pertain to specific wrongful actions undertaken by them.

The Court finds Plaintiff has alleged sufficient facts to meet federal court pleading requirements. Accordingly, this Court denies the Individual Defendants' Motion to Dismiss based upon Plaintiff's failure to allege sufficient facts.

### II.  Dismissal for Unavailability of Individual Liability

#### 1.  ADA Claims

The Individual Defendants argue there is no individual liability under the ADA and that they should be dismissed from Plaintiff's ADA claim. Plaintiff appears to concede that the ADA does not support a claim for individual liability but nonetheless asserts the Individual Defendants should continue in this action "as agents of Shillington." (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Memo in Opposition"), ECF No. 18, p. 4).

In Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999), the Eighth Circuit held that Title II of the ADA does not permit individual liability and observed that, with respect to

Title I, "three [Circuits] have held that there is no liability under Title I against individuals who do not otherwise qualify as 'employers' under the statutory definition."

Additionally, this Court has repeatedly held that individuals are not liable under the ADA. Ebersole v. Novo Nordisk, Inc., 1:11CV25, 2011 WL 6115655, at *1 (E.D. Mo. Dec. 8, 2011); see also McCann v. New World Pasta Co., No. 4:10CV1694, 2010 WL 4180717, at *2 (E.D. Mo. Oct. 20, 2010); Donnelly v. St. John's Mercy Medical Center, No. 4:08CV347, 2008 WL 2699859, at *2 (E.D. Mo. June 30, 2008); Stevenson v. Best Buy Corp., No. 4:03CV1188, 2005 WL 3434770, at * 3 (E.D. Mo. Dec.14, 2005).

> Those decisions have been based on the fact that the ADA's definition of "employer" is practically identical to the definition of "employer" in two other federal statutes that address discrimination: the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630(b), and Title VII, 42 U.S.C. § 2000e(b). It is well-settled in the Eighth Circuit that individuals are not subject to individual liability under Title VII of the Civil Rights Act of 1964, and longstanding precedent in this Court also holds that individuals are not liable under the ADEA.

Ebersole, 2011 WL 6115655 at *1.

The Court finds Plaintiff cannot maintain a cause of action against the Individual Defendants for violation of the ADA. The Eighth Circuit has recognized that there is no individual liability under the ADA, and the majority of the Circuit Courts have held the same. Accordingly, this Court grants the Individual Defendants' Motion to Dismiss as to Plaintiff's ADA claims.

### 2.      Public Policy Wrongful Discharge Claims

The Individual Defendants also argue there is no individual liability under the public policy wrongful discharge doctrine and that they should be dismissed from Plaintiff's wrongful discharge claim. Plaintiff acknowledges the Eighth Circuit has held there is no individual liability under the public policy exception to the at-will employment doctrine in Missouri when individuals are acting

as supervisors, but Plaintiff nonetheless asserts the Individual Defendants may still be liable for Plaintiff's loss of employment.

Missouri maintains the default rule of at-will employment for employees without employment contracts for a definite term: an employer may discharge an at-will employee for any reason or for no reason without liability for wrongful discharge. Taylor v. St. Louis County Bd. of Election Comm'rs, 625 F.3d 1025, 1027 (8th Cir. 2010)(citing Sivigliano v. Harrah's N. Kan. City Corp., 188 S.W.3d 46, 48 (Mo. Ct. App. 2006)). However, the Supreme Court of Missouri has recognized limited exceptions to the at-will employment doctrine:

> An at-will employee may not be terminated (1) for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body, or (2) for reporting wrongdoing or violations of law to superiors or public authorities.

Id. (citing Fleshner v. Pepose Vision Inst., P.C., 304 S.W.3d 81, 92 (Mo. 2010)). "Therefore, if an employer terminates an employee for either reason, then the employee has a cause of action in tort for wrongful discharge based on the public-policy exception." Id.

This Court has repeatedly held that a wrongful discharge claim is only available against a plaintiff's "actual former employer." See Taylor v. St. Louis County Bd. of Election Comm'rs, 2009 WL 1176298, *15 (E.D. Mo. April 30, 2009)(granting motion for summary judgment to dismiss wrongful discharge claim against individual defendants after concluding they were not the plaintiff's employer); Genasci v. City of O'Fallon, 4:06CV0542, 2008 WL 3200812, *5 (E.D. Mo. Aug. 6, 2008) (granting motion for summary judgment to dismiss wrongful discharge claim against individual defendants after concluding that only the City of O'Fallon was the plaintiff's employer); Criswell v. City of O'Fallon, No. 4:06CV1565, 2007 WL 1760744, *6 (E.D. Mo. June 15, 2007) (granting

motion to dismiss wrongful discharge claim against individual defendants, including city councilmen, upon concluding the plaintiff's only employer was the city).

The Court finds Plaintiff cannot maintain a cause of action against the Individual Defendants for wrongful discharge in violation of Missouri public policy. Missouri law recognizes that liability for wrongful discharge is only available as against a plaintiff's employer. Accordingly, this Court grants the Individual Defendants' Motion to Dismiss as to Plaintiff's wrongful discharge claims.

### 3. FMLA Claims

Finally, the Individual Defendants argue there is no individual liability for private employers under the FMLA and that they should be dismissed from Plaintiff's FMLA claim. Plaintiff counters that the Eighth Circuit has determined individuals may be liable under the FMLA.

In Darby v. Bratch, 287 F.3d 673, 681 (8th Cir. 2002), the Eighth Circuit held that the FMLA imposes individual liability on public officials acting in supervisory capacities. As noted by the Eighth Circuit in Darby, the FMLA's definition of "employer" includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." Darby, 287 F.3d at 680-81(citing 29 U.S.C. § 2611(4)(A)(ii)(I)). According to Darby, the plain language of the statute decided the issue of individual liability. Id. at 681.

While the Individual Defendants argue Darby is inapplicable to supervisors in the private sector, that conclusion is untenable. As noted by Plaintiff, looking at the Eighth Circuit's decision as a whole undermines the Individual Defendants' argument. According to the Eighth Circuit, "[w]e see no reason to distinguish employers in the public sector from those in the private sector. If an individual meets the definition of employer as defined by the FMLA, then that person should be subject to liability in his individual capacity." Id. (internal citations omitted). Furthermore, the limitation on the holding in Darby that the Individual Defendants argue for has not previously been

recognized. See, e.g., Ebersole, 2011 WL 6115655 at *1 n.1 (noting that the defendant-supervisor who worked at the defendant-corporation did not seek to dismiss the plaintiff's FMLA claim as part of his motion to dismiss, as "the Eighth Circuit has recognized that the FLMA [sic] provides for individual liability in keeping with the plain language of the statute").

The Court finds Plaintiff has alleged sufficient facts to maintain his FMLA claims against the Individual Defendants. The Eighth Circuit's decision in Darby authorizes individual liability under the FMLA, and the language in Darby does not advance the limited reading the Individual Defendants seek. Accordingly, this Court denies the Individual Defendants' Motion to in Dismiss as to Plaintiff's FMLA claims.

### III.     Dismissal for Failure to Exhaust Administrative Remedies

The Individual Defendants also argue Plaintiff failed to exhaust his administrative remedies as to his claims under the MHRA and that the Individual Defendants should be dismissed from Plaintiff's MHRA claims. Specifically, the Individual Defendants claim that Plaintiff's first charge failed to identify the Individual Defendants by name and that Plaintiff's second charge failed to describe any discriminatory or retaliatory conduct of the Individual Defendants.

The MHRA requires that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice" must file a charge of discrimination "which shall state the name and address of the person alleged to have committed the unlawful practice and which shall set forth the particulars thereof." MO. REV. STAT. §213.075(1). Additionally, a "claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671 (8th Cir. 1994)(citing MO. REV. STAT. §§213.075, 213.111(1)). "[A]dministrative complaints are interpreted

liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices." Id.

Generally, in order for a plaintiff to exhaust his administrative remedies he must name all of those alleged to be involved in the discriminatory behavior in his original administrative charge. See Hill v. Ford Motor Co., 277 S.W.3d 659, 669 (Mo. 2009). The purpose of naming a party in the charge of discrimination is to provide notice to the charged party and to provide an avenue for voluntary compliance. Id. (citing Glus v. G. C. Murphy Co., 562 F.2d 880, 888 (3rd Cir. 1977)). For these goals to be met, the court must find "a substantial identity of interest between the parties sued and those charged." Id. In evaluating whether a substantial identity of interest exists, the court considers four factors:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the [administrative charge]; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the [administrative] proceedings; 3) whether its absence from the [administrative] proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Id., at 669-70. In Hill, the Missouri Supreme Court ultimately remanded the action to the trial court to "consider whether the factors permitting suit to proceed against [the individual], despite failure to join him during the administrative portion of the process, are satisfied." Id. at 670.

The Court finds Plaintiff has exhausted his administrative remedies so as to maintain his FMLA claims against the Individual Defendants. While the Individual Defendants fault Plaintiff for failing to cite any authority for the proposition that his first charge of discrimination should not be read together with his second charge of discrimination, the Individual Defendants likewise fail to point

to any cases suggesting the factual allegations contained in Plaintiff's first charge cannot be tied to the claims contained in his second. Drawing all reasonable inferences from the facts in Plaintiff's favor, the Court does not find dismissal of Plaintiff's MHRA claims is mandated.

Even assuming the two charges of discrimination cannot be read together, the Court does not find Plaintiff's failure to name the Individual Defendants in his first charge indicates he failed to exhaust his administrative remedies as to his claims against them. As this Court previously noted in *Hogan v. Cosmic Concepts, et al.*, 4:11CV0565, 2011 WL 4528470, at *3 (E.D. Mo. Sept. 29, 2011), the analysis set forth in Hill to determine whether a substantial identity of interest exists between named and unnamed defendants is a fact-intensive analysis. To be able to properly analyze whether Plaintiff's omission of the Individual Defendants from his first charge of discrimination prevents them from being a part of this proceeding, this Court must be able to accurately weigh the factors outlined in Hill. This information cannot be evaluated given the procedural posture of the case. The Court cannot grant a motion to dismiss because it has not been presented with all the relevant evidence. Accordingly, this Court denies the Individual Defendants' Motion to Dismiss based upon Plaintiff's failure to exhaust his administrative remedies.

## IV.     Dismissal for Failure to Plead in the Alternative

Defendants also argue that Plaintiff failed to plead his Count III claim for wrongful discharge in violation of Missouri public policy in the alternative to Count IV and that, therefore, Plaintiff's claim for wrongful discharge against Defendant Shillington and the Individual Defendants should be dismissed. Plaintiff acknowledges the failure to plead Count III in the alternative to Count IV "was most likely an oversight," but Plaintiff asserts this "technicality" does not require the dismissal of Count III in its entirety. (Memo in Opposition, p. 10).

In Count III, Plaintiff alleges "[a]n exclusive causal connection exists" between Plaintiff's exercise of his rights under the Missouri Workers' Compensation Act and his discharge. (Complaint, ¶ 55). In Count IV, however, Plaintiff alleges "[a] causal connection/nexus exists" between Plaintiff's filing of his first charge of discrimination with the EEOC and the MHRA and his discharge. (Complaint, ¶¶ 60-62). Count III notes it is pled "[i]n the alternative to, but without waiver of Counts I and II of this Complaint," but Count III does not state it is pled in the alternative to Count IV. (Complaint, Count III, p. 11).

The Court finds Plaintiff failed to plead his Count III claim for wrongful discharge in violation of Missouri public policy in the alternative to Count IV and that, therefore, Plaintiff's claim for wrongful discharge against both Defendant Shillington and the Individual Defendants should be dismissed without prejudice. A claim for retaliatory discharge depends on an "exclusive causal relationship" between the employee's exercise of his workers' compensation rights and the employee's discharge. Crabtree v. Bugby, 967 S.W.2d 66, 70 (Mo. banc 1998). Therefore, Plaintiff's claim for wrongful discharge in Count III is necessarily at odds with Plaintiff's claim for retaliation for filing a charge of discrimination with the EEOC in Count IV. Accordingly, this Court dismisses Count III of Plaintiff's First Amended Complaint, without prejudice. The Court grants Plaintiff until Wednesday, January 25, 2012, to correct these pleading deficiencies.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss the Individual Defendants and Count III of Plaintiff's First Amended Complaint (ECF No. 9) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss the Individual Defendants and Count III of Plaintiff's First Amended Complaint (ECF No. 9) is **GRANTED** with respect to Plaintiff's claims against Defendants Debbie Mason, Clem Harris, Conrad Culley, and Tim Courtney for violations of the Americans with Disabilities Act in Counts I and IV and with respect to Plaintiff's claims of wrongful discharge in violation of Missouri public policy in Count III. Plaintiff is granted until **Wednesday, January 25, 2012**, to file an amended complaint in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss the Individual Defendants and Count III of Plaintiff's First Amended Complaint (ECF No. 9) is **DENIED** in all other respects.

Dated this 11th day of January, 2012.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE